### 69866. ADAMS v. THE STATE.
(331 SE2d 29)

SOGNIER, Judge.

Appellant was convicted of aggravated assault.

1. Appellant contends the trial court erred by denying his motion

for a directed verdict of acquittal on the basis that the evidence is not sufficient to support the verdict.

After appellant and Sammy Patterson had an argument in a bar, Patterson went outside to get in his truck and go home. Appellant followed Patterson outside, kicked him in the back and stabbed him four times, resulting in his hospitalization for eight days with a punctured lung and a punctured ventricle of the heart.

Appellant testified that Patterson started the fight, and appellant got out his knife to protect himself, "figuring" if he "nicked" Patterson a little he would leave appellant alone.

Although appellant claimed he was acting in self-defense the State's evidence contradicted appellant's claim of self-defense and authorized the jury to find appellant guilty. *Terry v. State*, 243 Ga. 11, 13 (1) (252 SE2d 429) (1979). As the evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), it was not error to deny appellant's motion for a directed verdict of acquittal. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981); *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends it was error to admit as substantive evidence two prior inconsistent statements of a State witness, arguing that *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), should be overruled or modified. This court has no authority to overrule or modify a decision of the Supreme Court of Georgia, as "[t]he decisions of the Supreme Court shall bind all other courts as precedents." Art. VI, Sec. VI, Par. VI, Constitution of Ga., 1983.

Jerry Morgan, appellant's former girl friend, observed the fight between appellant and Patterson but when called as a State witness she testified she was drunk and did not remember anything that was incriminating to appellant. The State was then allowed, over objection, to question Morgan about two prior inconsistent statements in which she described appellant and named him as the aggressor. In her second statement to a police investigator she stated appellant had threatened her if she told the police anything about the incident.

It is obvious from the transcript that Morgan was reluctant to testify against appellant. Under such circumstances it was proper to allow the State to introduce prior inconsistent statements as substantive evidence. *Gibbons*, supra. As stated in *Gibbons*, "a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." Page 862. Hence, there was no error.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 12, 1985.

*Harlan M. Starr*, for appellant.

*Stephen A. Williams, District Attorney, Steven M. Harrison, Kermit N. McManus, Assistant District Attorneys*, for appellee.