## S96A0392. BROWN v. THE STATE.
### (470 SE2d 652)

FLETCHER, Presiding Justice.

A jury convicted Lonnie Gregory Brown of malice murder, felony murder and kidnapping in the death of Kay Jean Dunn.[1] He appeals

---

[1] The crimes occurred on April 10, 1993. Brown was indicted on September 21, 1993. The jury returned its guilty verdicts on January 19, 1994. Brown was found not guilty of rape. The trial court merged the felony murder count into the malice murder count and sentenced Brown to life imprisonment and to a consecutive life sentence for kidnapping. Brown filed a motion for new trial on January 31, 1994, which he amended on April 27, 1995. The trial court denied the motion on August 18, 1995. Brown filed his notice of appeal on

contending the trial court erred in admitting his co-defendant's statements. Because the co-defendant testified and his prior statements were inconsistent with his in-court testimony, we affirm.

1. The evidence at trial showed that on April 12, 1993, Brown's half-brother, Robert Anthony Wise, told his mental health counselor that he thought he had killed a woman over the weekend. When interviewed by police, Wise said that Brown picked him up at a bar and that the two then picked up a woman at a bus stop. In the initial interview with police, Wise stated that he forced Brown at gunpoint to drive, while Wise raped, beat and strangled the woman. With information from Wise, police found the body of Kay Jean Dunn at a construction site off of Powder Springs Road. She had been strangled with a dog chain and beaten about the torso. In later statements to police, Wise denied having a gun and claimed that he had passed out after having consensual sex with the victim and that when he woke up, Brown was dragging the victim's body out of the car and then Brown began stomping on her chest. Friends and co-workers of Brown testified that Brown had made various admissions, including that he and Wise had dumped a dead body; that he and Wise had beaten and killed a person using a dog chain; that Wise had killed a girl and pointed a gun at Brown and told him to rape the girl; that the body was dumped off of Powder Springs Road; and that he asked for help in cleaning blood and hair out of his car. An inmate who had been incarcerated with Brown testified that Brown admitted there had been no gun to his head while Wise raped the girl and that Brown held her while Wise beat her. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Brown guilty of the crimes charged beyond a reasonable doubt.[2]

2. After Wise entered a guilty plea, the state called him in its case-in-chief. Wise testified that he might have been the one who killed the victim but that he could not remember that night or whether Brown was present. Wise also testified that he could not remember the content of his statement when he pled guilty, nor could he remember his prior statements. The state then introduced Wise's prior statements. Brown contends that Wise's prior statements should have been excluded under OCGA § 24-3-52, which provides that "the confession of one joint offender . . . made after the enterprise is ended shall be admissible only against himself." Where the confessing offender testifies and is subject to cross-examination, this section will

August 31, 1995. The case was docketed in this Court on December 5, 1995 and orally argued on February 12, 1996.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

not bar admission of prior inconsistent statements.[3] Wise's prior statements were inconsistent in many material respects with his in-court testimony.[4] Therefore, it was not error to admit the prior statements.

Brown also argues that he was not given a meaningful opportunity to cross-examine Wise because Wise testified that he could not remember the murder or his prior statements. The sixth amendment, however, is satisfied if a defendant is given the opportunity to cross-examine a forgetful witness about "[h]is bias, his lack of care and attentiveness, . . . and even . . . the very fact that he has a bad memory."[5] Here, there was ample opportunity to examine Wise about his memory loss and the reasons for it, including his desire not to testify against his brother. Accordingly, we hold that Brown's right of confrontation was not violated.

3. Walter Burriss, a caseworker at Georgia Mental Health Institute, testified that in a telephone conversation, Brown told him that he had been with Wise for all but one hour on the day of the murder. Brown contends that this is inadmissible hearsay because Burriss was unable to identify Brown conclusively as the person with whom he spoke. Georgia law requires that there be a sufficient basis for a witness to identify a person with whom he spoke over the telephone, before testifying as to the contents of the conversation.[6] An identification is not sufficient if it rests solely on the contents of the conversation.[7] Here, Burriss testified that it was part of his job at GMHI to telephone patients' relatives; that Wise had given him Brown's name and telephone number to call; that he dialed the number given, asked to speak with Brown, and a person identifying himself as Brown came to the phone. Additionally, a detective who could identify Brown's voice testified that when he spoke with Brown, Brown stated that he had already spoken with someone from GMHI. These circumstances were sufficient to allow Burriss to testify regarding his conversation with Brown.

4. Brown also contends that the trial court erred in not declaring a mistrial when Burriss testified on cross-examination that Brown had said he was on probation. This testimony, however, was responsive to a question posed by Brown. Therefore, the trial court did not err.

---

[3] *Brown v. State*, 266 Ga. 633 (469 SE2d 186) (1996).

[4] Compare *Barksdale v. State*, 265 Ga. 9, 11 (453 SE2d 2) (1995) (where witness refuses to answer *any* questions, there is no testimony with which prior statement could be judged inconsistent).

[5] *United States v. Owens*, 484 U. S. 554, 559 (108 SC 838, 98 LE2d 951) (1988).

[6] *Constantino v. State*, 243 Ga. 595, 599 (255 SE2d 710), cert. denied, 444 U. S. 940 (100 SC 293, 62 LE2d 306) (1979).

[7] *Price v. State*, 208 Ga. 695 (1) (69 SE2d 253) (1952).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 28, 1996.

*Cauthorn & Phillips, Thomas E. Cauthorn III,* for appellant.
*Thomas J. Charron,* District Attorney, *Debra H. Bernes, Nancy I. Jordan, Frank R. Cox,* Assistant District Attorneys, *Michael J. Bowers,* Attorney General, *Paula K. Smith,* Senior Assistant Attorney General, for appellee.