A99A0866. HOLLAND v. THE STATE.
(521 SE2d 255)

MCMURRAY, Presiding Judge.

Defendant Holland was tried at a bench trial and convicted of family violence battery in violation of OCGA § 16-5-23.1 (f). The evidence which authorized this conviction reveals that defendant beat his female friend with whom he was residing, during a violent roadside argument. This appeal followed the denial of defendant's motion for new trial. *Held:*

1. Defendant admitted that he and the victim "had a heated verbal argument, which by poor decision proceeded outside of [their] res-

---

idence into the public." But defendant denied striking the victim during the dispute. The victim corroborated this testimony, explaining that she provoked defendant's violence and that defendant did not strike her. Two eyewitnesses refuted these explanations, testifying that they observed defendant standing over the victim and striking her with his fists. Another eyewitness testified that she observed defendant "all over" the victim.

Defendant challenges the sufficiency of the evidence, arguing that the uncorroborated eyewitness' testimony is insufficient to overcome the victim's testimony that defendant did not strike her during the argument. This assertion is without merit. The weight of evidence and the credibility of witnesses are matters for the factfinder, not for an appellate court. This Court is concerned only with the sufficiency of the evidence. OCGA § 24-9-80; *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). The eyewitnesses' testimony in the case sub judice, along with the arresting officer's testimony that the victim had "a bleeding lower lip and . . . some finger marks on her neck" when the officer arrived at the scene, is sufficient to authorize the trial court's finding that defendant is guilty, beyond a reasonable doubt, of family violence battery in violation of OCGA § 16-5-23.1 (f). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Citing *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), defendant contends the trial court erred in denying his request during trial for the State to produce an exculpatory photograph of the victim which was taken shortly after the incident in question.[1] We do not agree.

Where a prosecutor allegedly suppresses favorable evidence, the defense must show (among other things) that had the evidence been disclosed, a reasonable probability exists that the outcome of the proceedings would have been different. *Zant v. Moon*, 264 Ga. 93, 99-100 (3) (440 SE2d 657). The photograph in question in the case sub judice depicts a side view of the victim's head (a profile of her neck and face) and corroborates the arresting officer's testimony regarding scratches on the victim's neck. The photograph does not depict a clear view of the victim's face and does not support defendant's assertion that he did not strike the victim. Under such circumstances, we cannot say a reasonable probability exists that disclosure of the photograph would have changed the outcome of the proceedings. See *Wallin v. State*, 248 Ga. 29, 32-34 (279 SE2d 687).

---

[1] Although defendant did not assert a challenge under *Brady v. Maryland*, 373 U. S. 83, supra, at trial and did not file any demands for discovery before trial, we address this assertion because defendant appeared pro se at trial, complained about the photograph's relevance and asked the trial court, "Is it possible we can get that photo here momentarily?"

The trial court did not err in denying defendant's motion for new trial.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 29, 1999.

*John A. Beall IV*, for appellant.

*Keith C. Martin, Solicitor, Aaron B. Mason, Assistant Solicitor,* for appellee.