### A03A1397. GRIFFIN v. THE STATE.
(585 SE2d 145)

ELLINGTON, Judge.

A Clayton County jury convicted Eddie Lee Griffin of family violence battery, OCGA § 16-5-23.1 (f). Griffin appeals, contending the trial court erred in denying his motion for a directed verdict, in admitting certain evidence, and in rejecting his requested jury charge on accident. Finding no error, we affirm.

1. Griffin contends the trial court erred in denying his motion for a directed verdict since both he and the victim testified at trial that Griffin did not beat the victim. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Viewed in the light most favorable to the prosecution, the evidence showed the following. On June 15, 2002, the victim, Griffin's girlfriend, called 911 and reported that she had been attacked by her boyfriend and needed police assistance to reenter her home. Clayton County police officers and paramedics responded to the residence shared by Griffin and the victim. Griffin left the apartment before the officers arrived. The victim had visible injuries on her forehead and the left side of her head. The victim told an officer that she and Griffin were arguing when he threw her into the bathtub and began beating her, causing her head injuries. The officers found blood spattered about the bathroom.

At trial, the victim recanted her earlier statements and testified that she was injured when she drunkenly tripped and hit her head on a concrete barrier outside their building. Griffin also testified and denied beating the victim. Griffin testified that the victim was injured when she tripped on a curb and that he helped her into the bathtub so he could check her injuries.

"[E]ven though a witness may recant on the stand, her prior inconsistent statements constitute substantive evidence on which the jury may rely." (Citation, punctuation and footnote omitted.) *Bailey v. State*, 254 Ga. App. 420, 421 (1) (562 SE2d 803) (2002). See *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982) ("a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes"). The fact that "at trial the victim disavowed her prior . . . statements . . . went to the weight and credibility that the jury wished to assign to the State's otherwise sufficient evidence" and presents no basis for reversal. *Woodford v. State*, 240 Ga. App. 875, 876 (525 SE2d 408) (1999). The evidence in this case was sufficient under the standard of *Jackson v. Virginia* to authorize the jury's verdict beyond a reasonable doubt. *Cobble v. State*, 259 Ga. App. 236, 237 (1) (576 SE2d 623) (2003); *Alvarado v. State*, 257 Ga. App. 746, 747 (1) (572 SE2d 18) (2002).

2. Griffin contends the trial court erred in admitting an audiotape of the victim's 911 call without proper foundation and authentication. After the victim testified that Griffin did not beat her and that she could not remember what she told the 911 dispatcher, the State introduced as a prior inconsistent statement the tape of her 911 call, during which she told the dispatcher that Griffin beat her up and that he was choking her and was going to kill her.

> In impeaching a witness with a prior inconsistent statement, the cross-examiner must meet three requirements. First, the prior statement must contradict or be inconsistent with the witness's in-court testimony; second, the prior statement must be relevant to the case; and, third, the examining attorney must lay the proper foundation with the witness. The purpose of the foundation requirement is to give the witness an opportunity to admit, explain, or deny the prior contradictory statement.

(Footnotes omitted.) *Duckworth v. State*, 268 Ga. 566, 567-568 (1) (492 SE2d 201) (1997). See also OCGA § 24-9-83.[1] Whether a litigant

---

[1] OCGA § 24-9-83 provides, in pertinent part,
A witness may be impeached by contradictory statements previously made by [the witness] as to matters relevant to [the witness's] testimony and to the case. Before

has laid the proper foundation to cross-examine a witness using a prior inconsistent statement is within the trial court's discretion and will not be interfered with by this Court unless abused. *Hamilton v. State*, 238 Ga. App. 320, 321 (2) (517 SE2d 118) (1999).

In this case, the record shows that the victim was aware of the time, place, and circumstances attending her 911 call when the State impeached her with the prior inconsistent statement. The State gave the victim the opportunity to admit, explain, or deny the prior contradictory statement. Thus, the trial court did not abuse its discretion in allowing the evidence. *Carter v. State*, 244 Ga. 803, 806 (2) (262 SE2d 109) (1979).

3. Griffin contends the trial court erred in rejecting his requested jury charge on accident. A charge on the affirmative defense of accident is required only if there is evidence to support a finding that the defendant committed the acts which were the basis of the charge, but without any "criminal scheme or undertaking, intention, or criminal negligence." (Punctuation omitted.) *Griffeth v. State*, 224 Ga. App. 462, 466 (5) (480 SE2d 889) (1997) (quoting OCGA § 16-2-2[2]). In essence, "an accident defense involves the lack of intent to do the act at all." *Fields v. State*, 167 Ga. App. 816, 818 (3) (307 SE2d 712) (1983). Because Griffin denied doing the acts which were the basis of the battery charge, that is, striking the victim and throwing her into the bathtub, there was not even slight evidence to support the requested charge and the trial court properly rejected it. *Griffeth v. State*, 224 Ga. App. at 466 (5); *Moore v. State*, 220 Ga. App. 434, 435 (1) (469 SE2d 211) (1996).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED JULY 1, 2003.

*James W. Bradley*, for appellant.

*Keith C. Martin, Solicitor-General, Tasha M. Mosley, Assistant Solicitor-General*, for appellee.

---

contradictory statements may be proved against [the witness], . . . the time, place, person, and circumstances attending the former statements shall be called to [the witness's] mind with as much certainty as possible.

[2] In full, OCGA § 16-2-2 provides: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence."