## A06A1189. MEEKS v. THE STATE.
### (636 SE2d 77)

BERNES, Judge.

Following a bench trial, the Superior Court of Murray County found Jackie Ford Meeks guilty of aggravated battery and family violence battery. On appeal, Meeks contends that there was insufficient evidence to convict him of the charged offenses. We disagree and affirm.

"In evaluating the sufficiency of the evidence supporting a conviction, this court must view the evidence in the light most favorable to the verdict. The presumption of innocence no longer applies, and we do not weigh evidence or determine witness credibility." (Citations and punctuation omitted.) *Cobb v. State,* 275 Ga. App. 554 (1) (621 SE2d 548) (2005).

So viewed, the evidence adduced at trial reflects that on July 1, 1999, appellant lived with his elderly mother, the victim, in a private residence in Murray County. At approximately 11:25 p.m., a law enforcement officer with the Murray County Sheriff's Department arrived at the residence in response to a 911 call. The officer found the victim on the kitchen floor, severely bruised on her neck and left arm, with her "mouth busted and her eye swollen." A large amount of hair that appeared to be the victim's was on the floor. The victim, who appeared intoxicated, told the officer that appellant had beaten her. Appellant, who also appeared intoxicated, told the officer that the victim had fallen. In light of the victim's injuries and the large amount of her hair on the floor, the officer placed appellant under arrest.

As a result of her injuries, the victim was taken to the hospital for medical treatment. A medical examination revealed that the victim's left shoulder was dislocated and that five of her ribs had been fractured on her left side. Fifteen days later, a police investigator with the domestic violence unit interviewed the victim, who by then had been placed in the hospital's rehabilitation center. At the time of the interview, the victim's severe bruising was still visible. The victim

also was unable to use her left arm and had required surgery to repair her shoulder dislocation. She informed the investigator that on the night of the incident, appellant had been drinking, began to curse at her, and then struck her, kicked her, knocked her down, and attempted to choke her.

Appellant was indicted on charges of aggravated battery under OCGA § 16-5-24 (a) (1999) and family violence battery under OCGA § 16-5-23.1 (f) (1999). At the subsequent bench trial, the state called several witnesses, including the victim. The victim testified that when appellant drank liquor, he would go "crazy" and "didn't know what he was doing." However, with respect to the subject 1999 incident, the victim testified that she had fallen and did not remember anything that was incriminating to appellant. The state thereafter recalled the responding officer and called the police investigator, both of whom testified that the victim had told them that appellant had beaten her and never told them that she had fallen on the night of the incident. The state also introduced multiple photographs of the victim's injuries, as well as evidence that in 1994 appellant had been convicted of simple battery after he became intoxicated and beat the victim in her face, breaking her nose.

In contrast, the appellant took the stand, denied injuring the victim, and stated that the victim's injuries were caused by her falling while intoxicated. He claimed that the mass of hair found by the responding officer was cat hair. Another defense witness, a friend of appellant, testified that on the day of the incident, he returned with appellant to the victim's residence at approximately 9:00 p.m. and saw the victim lying on the floor in the kitchen, breathing heavily. The witness testified, however, that he then left the residence and never observed any injuries on the victim.

Appellant contends that the evidence was insufficient to support his convictions. We disagree. Interpreted in the light most favorable to the verdict, the evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to find appellant guilty beyond a reasonable doubt of aggravated battery and family violence battery.

"A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another . . . by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a) (1999). The indictment averred that appellant committed aggravated battery by seriously disfiguring the victim's shoulder.[1] The testimony

---

[1] In a separate count, the indictment averred that appellant committed aggravated battery by seriously disfiguring the victim's ribs. The trial court found appellant guilty on this count but merged it into the other aggravated battery count for sentencing. As such, we need not address

of the responding officer about what he observed at the crime scene and about what the victim told him, combined with the investigator's testimony, the photographs of the victim's injuries, and the evidence of prior difficulties between the victim and appellant, adequately supported appellant's conviction of the offense as alleged in the indictment. See, e.g., *In the Interest of H. S.*, 199 Ga. App. 481 (405 SE2d 323) (1991); *Keef v. State*, 220 Ga. App. 134, 137 (1) (a) (469 SE2d 318) (1996).

Similarly, there was sufficient evidence to convict appellant of family violence battery. "A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a) (1999). If the battery is committed between a parent and child, then the offense is elevated to family violence battery. OCGA § 16-5-23.1 (f) (1999). The indictment averred that appellant committed family violence battery by causing visible bodily harm to his mother. Appellant and the victim both testified that the appellant was the victim's son, and the same testimony and photographic evidence discussed above supported the finding that appellant intentionally caused visible bodily harm to the victim. Accordingly, there was a sufficient factual basis for the trial court to find appellant guilty of the charged offense. See, e.g., *Griffin v. State*, 262 Ga. App. 87, 88 (1) (585 SE2d 145) (2003); *Holland v. State*, 239 Ga. App. 436, 437 (1) (521 SE2d 255) (1999).

The fact that appellant presented an alternative version of events and attempted to discredit the victim's account does not necessitate a different outcome on appeal. "Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the [factfinder's] verdict." (Punctuation and footnotes omitted.) *Skaggs-Ferrell v. State*, 266 Ga. App. 248 (1) (596 SE2d 743) (2004).

Appellant points out that the victim testified that she fell and did not remember appellant beating her on the night of the incident. However, "[e]ven though a witness may recant on the stand, her prior inconsistent statements constitute substantive evidence on which the [factfinder] may rely." (Citations and punctuation omitted.) *Griffin*, 262 Ga. App. at 88 (1). Here, the victim essentially disavowed her prior statements to the responding officer and investigator when she testified at trial that she fell and did not remember appellant having

the sufficiency of the evidence on this count. See *Nelson v. State*, 277 Ga. App. 92, 96 (1) (b) (625 SE2d 465) (2005) ("We need not consider . . . the sufficiency of the evidence to convict on a count on which the trial court failed to enter judgment.") (citation and punctuation omitted).

done anything to injure or harm her. And, it is clear from the trial transcript that the victim was reluctant to incriminate appellant, such as when she attempted to minimize his past violent conduct by stating that it was the alcohol that made him "crazy" and that he did not know what he was doing. Under these circumstances, the state was entitled to introduce the victim's prior statements to the responding officer and investigator as substantive evidence. See *Claritt v. State*, 280 Ga. App. 384 (1) (634 SE2d 81) (2006); *Spann v. State*, 248 Ga. App. 419, 421-422 (1) (546 SE2d 368) (2001); *Kirby v. State*, 187 Ga. App. 88, 89 (1) (369 SE2d 274) (1988); *Adams v. State*, 174 Ga. App. 558, 559 (2) (331 SE2d 29) (1985).

Additionally, appellant argues that the evidence presented by the state failed to exclude every alternative, reasonable hypothesis of his innocence. Appellant's argument is misplaced because "[t]he 'reasonable hypothesis' rule relied upon by [appellant], codified in OCGA § 24-4-6, applies only when the evidence against the accused was *entirely* circumstantial." (Citations omitted; emphasis in original.) *Sullivan v. State*, 277 Ga. App. 738, 741 (627 SE2d 437) (2006). In the instant action, there was direct evidence of appellant's guilt, namely, the victim's prior statements to the responding officer and investigator providing her eyewitness account of what had occurred.

Finally, appellant attempts to invoke the rule that "[m]ere presence . . . without any evidence to show further participation in the commission of the crime is insufficient to authorize a conviction." (Citations and punctuation omitted.) *Johnson v. State*, 277 Ga. App. 499, 504-505 (1) (b) (627 SE2d 116) (2006). But, there was additional evidence of appellant's guilt beyond his mere presence in the residence at the time of the incident, including, again, the eyewitness account provided by the victim to the responding officer and investigator. Accordingly, the mere presence rule does not apply under the circumstances of this case.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 29, 2006.

*Jerry W. Moncus*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.