## A07A0618. LeBLANC v. THE STATE.
### (641 SE2d 646)

BLACKBURN, Presiding Judge.

Following a jury trial, Stephen Josef LeBlanc appeals his conviction on one count of kidnapping with bodily injury,[1] arguing that the court abused its discretion in (i) admitting a prior difficulty between him and the victim, (ii) admitting evidence that LeBlanc sought to hire a hit man to kill the victim, and (iii) admitting a prior inconsistent statement of a reluctant witness who claimed he had lost his memory. Discerning no abuse, we affirm.

Construed in favor of the verdict, *Short v. State*,[2] the evidence shows that in May 1995, LeBlanc broke into his ex-wife's home and forcibly struck, raped, and sodomized her. Following his arrest, Barrow County indicted him on various charges, including rape, aggravated sodomy, aggravated assault, and burglary. After a month in jail, he was released on bond with the special condition that he not contact the victim.

The morning after his release, he contacted a friend for help in finding a hit man to kill the victim. He also said something to the effect that he wanted to have sex with her before the murder took place. This friend and another friend informed police about the matter, who began setting up a reverse sting operation.

That afternoon, LeBlanc attacked the victim as she was approaching her car in her employer's deserted parking lot in DeKalb County. Choking her into unconsciousness, he stuffed her in the front passenger seat of her car, where he tied her hands to the emergency brake. When she awoke, he told her he intended to kill her unless she dropped the Barrow County charges. Slapping her repeatedly until she bled onto her shirt, he drove her to a secluded area, where he coerced her to disrobe, perform oral sex on him, and engage in vaginal intercourse with him. He then tore her bloody shirt in two, threw it out the window, and forced her into the car's trunk, where he tied her up and stuffed a rag into her mouth. After purchasing some items from a store, he eventually released her from the trunk and made her promise to drop the Barrow County charges. He allowed her to call home to inform the babysitter as to her late return, and the babysitter alertly discerned she was in trouble and had the police waiting there when she returned home. Police could see her numerous injuries, which they documented through photographs. She took police to the scene of the rape, where police found the rope used to tie her to the emergency brake and discovered her bloody shirt torn in two.

---

[1] OCGA § 16-5-40.

[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

That night, LeBlanc approached one of his friends, asking him to provide an alibi during the time of the crimes. Asking a second friend for a similar alibi, LeBlanc told this second friend that he had slapped the victim around, had had sex with her, and had forced her into the car's trunk, but that he had "chickened out" when it came to killing her. Police arrested LeBlanc when he drove to the second friend's house.

DeKalb County indicted LeBlanc on two counts of kidnapping with bodily injury and one count of robbery. Following a jury trial, he was convicted on the two kidnapping counts and acquitted of the robbery count. The court granted him a new trial when the court reporter was unable to provide an entire transcript of the trial. At the second trial, the jury found him guilty of one count of kidnapping with bodily injury and of some lesser charges (associated with the second kidnapping count), which lesser charges the court merged into the first kidnapping count. He appeals from the denial of his motion for new trial arising out of the second trial.

1. LeBlanc first complains that the trial court abused its discretion when it admitted evidence concerning the Barrow County charges. Although the State had given proper notice of its intent to introduce the charges as a similar transaction and had made a showing of the three *Williams*[3] elements, LeBlanc nevertheless maintains that the evidence did not relate to his state of mind on June 19 when he allegedly committed the kidnapping at issue, and that the prejudice of the evidence outweighed its probative value.

LeBlanc's argument fails for the simple reason that the evidence related directly to his state of mind on June 19 when he kidnapped the victim. As he told the victim throughout the ordeal, he intended to kill her unless she dropped the Barrow County charges, thus showing with utter clarity the motive for the kidnapping. Indeed, for this very reason, the law affords a trial court wide latitude in admitting prior difficulties between the accused and the victim, which this clearly was. See *Cobb v. State*.[4] As stated in *Brogdon v. State*:[5]

> Evidence of prior difficulties between a defendant and a victim is generally admissible when the crime charged was perpetrated against the victim and the evidence demonstrates: (1) the relationship between the defendant and victim, and (2) the defendant's motive, intent or bent of mind. Unlike similar transactions, prior difficulties between

---

[3] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[4] *Cobb v. State*, 254 Ga. App. 48, 51 (5) (561 SE2d 124) (2002).

[5] *Brogdon v. State*, 270 Ga. App. 568 (1) (607 SE2d 199) (2004).

the parties are not independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus.

(Citation and punctuation omitted.) See *Dixon v. State*;[6] *Wall v. State*.[7] Evidence of motive, even though not an essential element of a crime, has such great probative value that it outweighs the inherent prejudice of such evidence, even if it incidentally places the defendant's character in issue. *Wall*, supra, 269 Ga. at 508 (2), n. 3.

LeBlanc's argument that the evidence was admitted as a similar transaction and not as a prior difficulty is of little significance. Although the criteria for admitting a similar transaction are higher than those for admitting a prior difficulty, here the criteria were met. Moreover, appellate courts have upheld the admission of prior difficulty evidence even though the trial court mistakenly admitted such as similar transaction evidence below. See, e.g., *Cummings v. State*;[8] *Hill v. State*;[9] *McTaggart v. State*.[10] Indeed, such a circumstance benefits the defendant below, since the analysis and procedure for admitting similar transaction evidence is stricter than that for admitting prior difficulty evidence. *Hill*, supra, 243 Ga. App. at 125 (2), n. 2; *McTaggart*, supra, 225 Ga. App. at 365 (2), n. 1.

2. In his second enumeration, LeBlanc claims that the trial court abused its discretion in admitting the evidence that showed he had attempted to hire someone to kill the victim. He argues that this was overly prejudicial and not relevant to the kidnapping. As with the prior difficulty evidence discussed in Division 1 above, this evidence clearly related to LeBlanc's state of mind in the kidnapping, showing both his relationship to the victim and his motive for the kidnapping. Indeed, LeBlanc's statement to his friend to the effect that he wanted to have sex with the victim before she was killed explained at least in part his motive for kidnapping and raping her. As stated in *Wall*, supra, 269 Ga. at 508 (2), n. 3, such highly probative evidence outweighs its prejudice, even though it may also place the character of the defendant in issue. The trial court did not abuse its discretion in admitting the evidence.

3. LeBlanc's final enumeration contends that the trial court abused its discretion in admitting as a prior inconsistent statement the testimony of an officer to whom one of LeBlanc's friends had

[6] *Dixon v. State*, 275 Ga. 232-233 (2) (564 SE2d 198) (2002).

[7] *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998).

[8] *Cummings v. State*, 273 Ga. 547, 548 (2) (544 SE2d 429) (2001).

[9] *Hill v. State*, 243 Ga. App. 124, 125-126 (2) (532 SE2d 491) (2000).

[10] *McTaggart v. State*, 225 Ga. App. 359, 365-366 (2) (483 SE2d 898) (1997).

stated that LeBlanc had approached him about providing a false alibi and that LeBlanc had admitted to "chickening out" when it came to actually killing the victim. LeBlanc claims that the trial court erred in declaring the friend as a hostile witness in order to admit this evidence, and that due to memory loss from an accident, the friend had only stated he could not remember the conversation with the officer; the friend had not actually denied the statements in his testimony. LeBlanc quotes from dicta in *Johnson v. State*[11] that "where a witness merely states that he does not remember, he cannot be impeached by the showing of former statements with respect to the facts which he claims not to remember." (Punctuation omitted.)

Distinguishing *Johnson, Spann v. State*[12] some years later noted that there was no evidence in *Johnson* that the defendant even made the prior statement. Citing to the more recent Supreme Court case of *Brown v. State*,[13] *Spann* held that the prior inconsistent statement of a witness suffering from memory loss is admissible where Sixth Amendment concerns are met by the defendant's having the opportunity to cross-examine a forgetful witness about his bias, lack of care and attentiveness, and even the fact he has a bad memory. *Spann*, supra, 248 Ga. App. at 421 (1). *Spann* further pointed out that the witnesses experiencing memory loss there were reluctant to testify against the defendant. Under these circumstances, where the reluctant witnesses each took the stand, *Spann* concluded that "it was proper to allow the State to introduce prior inconsistent statements as substantive evidence." Id. at 422 (1). Accord *Meeks v. State*.[14]

Here, the friend who claimed the memory loss took the stand. His closeness to LeBlanc as a friend, his refusal to speak to the prosecutor before trial, and his responses to the prosecutor's questioning made it clear that he was very reluctant to testify against LeBlanc. Indeed, the court quite properly ruled he was a hostile witness and allowed the State to ask leading questions. Under these circumstances, we hold that the trial court did not abuse its discretion in allowing the officer to testify as to the conversation with this forgetful witness.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 5, 2007.

*Sandra L. Michaels*, for appellant.

---

[11] *Johnson v. State*, 255 Ga. 552, 556 (4) (a) (341 SE2d 220) (1986).

[12] *Spann v. State*, 248 Ga. App. 419, 421 (1) (546 SE2d 368) (2001).

[13] *Brown v. State*, 266 Ga. 723, 724-725 (2) (470 SE2d 652) (1996).

[14] *Meeks v. State*, 281 Ga. App. 334, 336-337 (636 SE2d 77) (2006).

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.