## A07A0228. SIMMONS v. THE STATE.
### (645 SE2d 622)

BERNES, Judge.

Derrick Simmons appeals from his conviction of family violence battery, maintaining that there was insufficient evidence to support the conviction. We disagree and affirm.

"On appeal, the evidence must be viewed in the light most favorable to the verdict." (Citation and punctuation omitted.) *Price v. State*, 281 Ga. App. 844 (1) (637 SE2d 468) (2006). So viewed, the evidence adduced at trial reflects that Simmons and the victim were involved in a romantic relationship spanning several years. On the night of October 14, 2005, Simmons and the victim returned to their apartment in Clayton County after consuming several alcoholic beverages. Simmons became angry with the victim about some comments she had made earlier in the evening and physically attacked her, causing injury to her head, left arm, and left leg. After the attack, the victim called the police, who arrived on the scene and arrested Simmons.

Simmons was indicted on one count of family violence battery and one count of aggravated assault. With respect to family violence battery, the indictment alleged in part that Simmons "did intentionally cause visible bodily harm to [the victim] by striking her about the head several times with his fist."

At trial, the victim testified on direct examination about her relationship with Simmons and stated that during the course of the attack at their apartment, Simmons beat her limbs with a cane and hit her in the head with his fist, causing her head to bleed. She also testified about two prior incidents in which Simmons had physically attacked her. However, on cross-examination, the victim stated that she only remembered Simmons hitting her with the cane, not with his fist. The state subsequently called the responding officer, who testified that when he arrived at the scene, the victim was visibly upset and had a cut on her head. The officer further testified that the victim told him that Simmons hit her on the head and face with his fist, as well as with the cane. In contrast, Simmons thereafter took the stand and denied hitting the victim at all that night. After hearing this combined testimony, the jury convicted Simmons of both charged offenses.

On appeal, Simmons contends that there was insufficient evidence to convict him of family violence battery. "A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). "If the offense of battery is committed between . . . persons living . . . in the same household, then such offense shall constitute the offense of family violence battery. . . ." OCGA § 16-5-23.1 (f). Under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the standard of review is whether the evidence, when construed in the light most favorable to the verdict, authorized a rational trier of fact to have found the essential elements of family violence battery beyond a reasonable doubt.

We conclude that the evidence discussed above amply enabled a rational jury to find Simmons guilty beyond a reasonable doubt of the charged offense. See *Buice v. State*, 281 Ga. App. 595, 596 (1) (636 SE2d 676) (2006); *Griffin v. State*, 262 Ga. App. 87, 88 (1) (585 SE2d 145) (2003); *Holland v. State*, 239 Ga. App. 436, 437 (1) (521 SE2d 255) (1999). The victim's testimony on direct examination was adequate, standing alone, to sustain the conviction. See *Price*, 281 Ga. App. at 845 (1) ("The testimony of a single witness is generally sufficient to establish a fact."), quoting OCGA § 24-4-8. The jury also was authorized to rely upon the victim's prior statement to the responding officer as substantive evidence supporting the conviction. See *Buice*, 281 Ga. App. at 596 (1). Finally, "[t]he jury . . . was entitled to consider the prior difficulties evidence presented by the state, which most certainly demonstrated the state of the relationship between [Simmons] and the victim, and was highly relevant to show his abusive bent of mind toward her." (Citation and punctuation omitted.) Id.

Nevertheless, Simmons contends that there was insufficient evidence of the crime as alleged in the indictment because the victim contradicted herself on cross-examination, stating that she did not remember Simmons hitting her in the head with his fist. This contention is without merit. "The fact that at trial the victim disavowed her prior statements went to the weight and credibility that the jury wished to assign to the [s]tate's otherwise sufficient evidence and presents no basis for reversal." (Citation and punctuation omitted.) *Griffin*, 262 Ga. App. at 88 (1).

[T]hat some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness, or others, for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent

conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict.

(Citation omitted.) *Anderson v. State*, 237 Ga. App. 595, 596 (3) (516 SE2d 315) (1999). See also *Shorter v. State*, 271 Ga. App. 528, 529 (1) (610 SE2d 162) (2005). Accordingly, the evidence was sufficient to sustain Simmons' conviction of family violence battery.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED APRIL 17, 2007.

*Patricia F. Angeli*, for appellant.
*Jewel C. Scott, District Attorney*, for appellee.