A09A1805. CORDOVIA v. THE STATE.

(691 SE2d 276)

DOYLE, Judge.

Following a jury trial, Alberto Carlos Cordovia appeals his conviction for family violence battery,[1] contending that the evidence was insufficient to support the verdict. Because there was evidence authorizing the jury to find that Cordovia committed the charged offense, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia,*[2] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to

---

[1] OCGA § 16-5-23.1 (f) (2).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

make out the State's case, we must uphold the jury's verdict.[3]

So viewed, the evidence shows that Cordovia went uninvited to his ex-girlfriend's house and sought entry. When she refused to let him in, Cordovia broke down the door and demanded to know where she had been over the prior weekend. Cordovia grew angrier and ripped the bracelets off the ex-girlfriend's wrists, causing welts and bruises. As she pleaded with him saying "leave" and "don't touch me," Cordovia hit her face with an open hand, causing her nose to bleed profusely. The struggle continued, and Cordovia caused bruising in the ex-girlfriend's eye, swelling in her lip, and bruising on her arms. The ex-girlfriend was eventually able to convince Cordovia to leave after threatening to hurt herself with a knife. Cordovia had no visible injuries when police apprehended him later that night.

Cordovia was indicted for family violence battery and, following a jury trial, was found guilty. After unsuccessfully moving for a new trial, he filed this appeal contending that the evidence was insufficient to support the jury's verdict because the evidence did not establish that he intentionally injured his ex-girlfriend. We disagree.

Under OCGA § 16-5-23.1 (a) and (f), "[a] person commits the offense of [family violence] battery when he or she intentionally causes substantial physical harm or visible bodily harm to another . . . formerly living in the same household." Cordovia does not dispute on appeal that he caused the injuries to his ex-girlfriend. He simply argues that the evidence was insufficient to support a finding that he intentionally caused them.

"[I]ntent is a question for the jury, which is authorized to consider all other circumstances connected with the act at issue as well as the defendant's words, conduct and demeanor. We will affirm the jury's finding of intent unless clearly erroneous."[4]

Here, there was direct evidence that Cordovia broke down the victim's door; that he entered her residence and ignored her demands for him to leave; that he started a physical altercation despite her plea for him not to touch her; that this altercation resulted in her receiving a bruised eye, bloody nose, swollen lip, and bruises on her wrists; and that he had no visible injuries upon arrest later that night. Further, for purposes of showing Cordovia's bent of mind, the trial court admitted without objection evidence of a prior difficulty between Cordovia and the victim, resulting in Cordovia's guilty plea to a previous battery against his ex-girlfriend. In light of the evidence at trial, the jury was authorized to find that Cordovia intentionally

---

[3] (Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).
[4] (Footnote omitted.) *Garrett v. State*, 300 Ga. App. 391, 394 (685 SE2d 355) (2009).

caused the victim's injuries here.[5]

Further, any inconsistency or contradiction with respect to the ex-girlfriend's testimony is not cause for reversal.

> That some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness, or others, for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict.[6]

Accordingly, in light of the record before us, we discern no cause for reversal.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 16, 2010.

*Maryann F. Blend*, for appellant.

*Daniel J. Porter, District Attorney, Tracie H. Cason, Assistant District Attorney*, for appellee.

---

[5] See *Simmons v. State*, 285 Ga. App. 129, 130 (645 SE2d 622) (2007) ("the jury was entitled to consider the prior difficulties evidence presented by the state, which most certainly demonstrated the state of the relationship between [the defendant] and the victim, and was highly relevant to show his abusive bent of mind toward her") (punctuation omitted).

[6] (Punctuation omitted.) Id. at 130-131.