**FOURTH DIVISION
DOYLE, P. J.,
MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**October 30, 2013**

# In the Court of Appeals of Georgia

A13A1306. PORTER v. THE STATE.                            DO-049 C

DOYLE, Presiding Judge.

Following a jury trial, Quintez Porter was convicted of family violence battery,[1] cruelty to a child in the third degree,[2] aggravated stalking,[3] and terroristic threats.[4] Porter appeals the subsequent denial of his motion for new trial,[5] arguing that (1) the evidence was insufficient to support his conviction for family violence battery, (2) the trial court erred by admitting the victim's prior consistent statement, and (3) the trial

---

[1] OCGA § 16-5-23.1 (f) (2).

[2] OCGA § 16-5-70 (d) (2).

[3] OCGA § 16-5-91 (a).

[4] OCGA § 16-11-37 (a).

[5] The trial court did, however, vacate Porter's conviction for cruelty to a child based on insufficiency of the evidence.

court abused its discretion by qualifying one of the State's witnesses as an expert. We affirm, for the reasons that follow.

Construed in favor of the verdict,[6] the record shows that on October 22, 2010, Sergeant John Drossman of the City of Monroe Police Department responded to an allegation of assault at Walton Regional Medical Center. When he arrived, Drossman met with A. K., who had noticeable swelling and redness on the right side of her face and lip and a small laceration behind her left ear. A. K. told the officer that Porter hit her on both sides of her face with his hand following a verbal argument, causing her earring to puncture the skin behind her left ear. According to A. K., she previously had pressed charges against Porter for assault on two separate occasions. Drossman took photographs of A. K.'s injuries, and the photographs were shown to the jury during the subsequent trial.

Another officer testified that on July 19, 2011, Porter went to A. K.'s residence and refused to leave, in violation of a no-contact bond. Porter also went to A. K.'s apartment on July 27, 2011. A. K. called 911, and Porter told another person present that "if [A. K.] got him arrested that he would come back and kill her."

---

[6] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

2

At trial, A. K. testified that Porter, the father of her two children, had been violent with her "[i]n the past," but she could not remember any specific incidents, despite refreshing her recollection with police reports. A. K. testified that she "[could not] remember" why she went to the hospital on October 22, 2010, but recalled "feeling dizzy." She also "[could not] remember" having contact with Porter that day, and she denied that they had an argument. When the prosecutor showed A. K. the photographs of her face taken by Drossman at the hospital, A. K. testified that she did not see any injuries on her face in the photographs, but offered that "whenever [she] cr[ied, her] face blotches up like that." She also did not recall making the two 911 calls in July 2011, even after they were played for the jury.

At the conclusion of the evidence, the jury found Porter guilty on all charges. This appeal followed the denial of his subsequent motion for new trial.

1. Porter contends that the evidence was insufficient to support his conviction for family violence battery. We disagree.

When reviewing the sufficiency of the evidence on appeal,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have

3

found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all the evidence* is to be considered in the light most favorable to the prosecution.[7]

"A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another."[8] "If the offense of battery is committed between . . . persons who are parents of the same child . . . then such offense shall constitute the offense of family violence battery. . . ."[9]

Although A. K. was unable to recall the incident during her trial testimony, her prior inconsistent statement to Drossman was admissible at trial as substantive evidence.[10] The victim's statement, Drossman's testimony regarding her injuries, and

---

[7] (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

[8] OCGA § 16-5-23.1 (a).

[9] OCGA § 16-5-23.1 (f).

[10] See *Meeks v. State*, 281 Ga. App. 334, 336-337 (636 SE2d 77) (2006).

the photographs of the injuries were sufficient to support the jury's guilty verdict as to family violence battery.[11]

2. Porter argues that the trial court erred by admitting Drossman's testimony about A. K.'s statement to him because it constituted improper bolstering, quoting case law providing that "unless a witness's veracity has affirmatively been placed in issue, the witness's prior *consistent* statement is pure hearsay evidence, which cannot be admitted merely to corroborate the witness, or to bolster the witness's credibility in the eyes of the jury."[12] This argument is entirely without merit.

A. K. denied that she argued with Porter on the day of the incident, could not recall if she saw him that day, and refused to admit that the photographs depicted injuries to her face. Her statement to Drossman explaining that Porter hit her in the head twice was, therefore, *inconsistent* with her trial testimony. As explained in Division 1, "a prior inconsistent statement of a witness who takes the stand and is

[11] See id.; *Griffin v. State*, 262 Ga. App. 87, 88 (1) (585 SE2d 145) (2003).

[12] (Punctuation omitted; emphasis supplied.) *Blackmon v. State*, 272 Ga. 858, 859 (2) (536 SE2d 148) (2000).

subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes."[13]

3. Porter also contends that the trial court abused its discretion by qualifying Drossman as an expert in domestic violence. This enumeration provides no basis for reversal.

Following Drossman's testimony that he attended domestic violence training at the police academy, attended 12 to 15 full-day classes on domestic violence, and investigated more than 75 domestic violence cases, the trial court qualified Drossman as an expert in "domestic violence generally," over defense counsel's objection. Thereafter, the prosecutor asked Sergeant Drossman to "elaborate on any training [he] had identifying a pattern of domestic violence." Drossman responded:

> Well, basically, through experience is where most of our knowledge comes from, you know, versus in a class or looking at Power[]Points. Most of our experience comes from real-life experience. Identifying victims based on statements, injuries[,] is easier than . . . identifying patterns. I can't say that I can tell you that somebody's had a pattern of abuse unless they tell me or unless I've had prior knowledge. So for me to tell you I can develop or give you information about whether somebody's got a pattern of being a victim unless they give me those

---

[13] *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982).

statements or unless I have prior knowledge, that's all I can base it off of.

The remainder of Drossman's testimony addressed the charged incident; he did not offer any additional testimony regarding domestic violence patterns, and at no point did he offer an opinion regarding a pattern of domestic violence by Porter. Thus, pretermitting whether the trial court abused its discretion by qualifying Drossman as an expert, this enumeration fails because Porter has failed to show that he was harmed by the qualification.[14]

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[14] See *Kelly v. State*, 197 Ga. App. 811, 815 (4) (399 SE2d 568) (1990) ("'An appellant must show not only alleged error but also ensuing harm.'").