74551. DAVIS v. THE STATE.
(361 SE2d 229)

BIRDSONG, Chief Judge.

Appellant and his co-defendant Joann Davis were convicted of financial credit card theft and forgery. Appellant was also convicted of aggravated assault. He appeals.

Appellant was observed by K-Mart security personnel as he selected five men's shirts, placed them on a counter, and then exited the store. Shortly thereafter, Mrs. Davis entered the store. She picked up the shirts, proceeded to a checkout counter, and presented a charge card belonging to a Pamela Cornwell. Ms. Cornwell had recently lost her wallet. Mrs. Davis signed the charge slip in Ms. Cornwell's name. Security personnel then confronted Mrs. Davis.

At this point appellant reentered the store and approached Mrs. Davis and the security officers. An argument ensued. Jeffrey Wright, who had been called to the front of the store by a "Code Blue" secur-

ity alert, approached appellant from behind. He saw that the appellant was brandishing a knife. Appellant warned the security officer to stay back or he would cut her. He turned to Wright and said: "That includes you, white boy. . . ." Wright and the other security personnel then backed off and appellant ran out of the store and fled on foot. *Held*:

1. In his first enumeration of error, appellant maintains the evidence was insufficient for any rational trier of fact to establish the offense of aggravated assault beyond a reasonable doubt. From the evidence, the jury could have found that appellant's acts placed Jeffrey Wright in reasonable apprehension of receiving a violent injury; Wright so testified. Furthermore, the evidence showed that the reason Wright did not attempt to apprehend appellant was because of his fear of receiving an injury.

Appellant also contends that the knife could not constitute a "deadly weapon" under the circumstances, since the victim was out of striking range and the appellant maintained a defensive posture. But the statute does not differentiate between offensive and defensive threats of immediate bodily harm. OCGA § 16-5-21. Indeed, the knife in question was "arguably capable of inflicting the types of injuries which generally can be produced by knives, including death or great bodily injury." *Hambrick v. State*, 174 Ga. App. 444, 445 (1) (330 SE2d 383). Whether the instrument used constituted a deadly weapon was properly for the jury's determination. See *Quarles v. State*, 130 Ga. App. 756 (2), 757 (204 SE2d 467); *Hambrick*, supra.

Taken in the light most favorable to the State, there was sufficient evidence to convince a rational trier of fact of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Daughtry v. State*, 180 Ga. App. 711 (350 SE2d 53).

2. Appellant contends that the trial court's charge was prejudicially erroneous because it included matter not in the indictment, resulting in the possibility that the jury could find him guilty of the offense in a manner not set out in the indictment.

The well-established rule is that a charge citing a code section in its entirety is not error where a portion of the section is applicable so long as it does not appear that the inapplicable part misled the jury. *Searcy v. State*, 168 Ga. App. 233 (1) (308 SE2d 621).

Appellant cites as authority *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206). In *Walker*, the defendant was indicted for committing theft by wrongfully taking the property of another. The trial judge charged the entire code section defining theft, including not only the provision regarding wrongful taking, but also the "unlawful appropriation" provision. Further, no later instruction was given limiting the findings to the indictment. That charge was held to be in

error because it allowed the jury to find the defendant guilty of theft based on evidence of "unlawful appropriation," a form of theft not contained in the indictment.

The instant case, however, is not controlled by *Walker* because it does not appear the charge could have misled the jury. The indictment alleged that appellant committed an "assault on the person of Jeffrey Wright with said knife, a deadly weapon, thereby placing said Jeffrey Wright in reasonable apprehension of immediately receiving a violent injury. . . ." In instructing the jury, the trial court identified the offense of aggravated assault by reading OCGA § 16-5-21 in its entirety. "A person commits the offense of aggravated assault when he assaults with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."

The court went on to define the term assault as set out in OCGA § 16-5-20: "(1) An attempt to do violent injury to another or (2) commission of an act placing another in reasonable apprehension of immediately receiving a violent injury."

Appellant contends that the jury was permitted to find that an assault could be an "attempt to injure," which is a manner of the offense not alleged in the indictment. There was, however, no evidence adduced at trial that could have led the jury to base its findings on an "attempt to injure." *Slack v. State*, 159 Ga. App. 185, 189 (2) (283 SE2d 64). In fact, appellant has stressed the fact that he maintained a defensive posture during the episode.

In addition, after giving the instructions in question, the trial judge referred the jury to the "crimes charged in the indictment," and he charged: "If you do believe beyond a reasonable doubt that the defendant . . . did . . . commit these offenses in the way and manner alleged in the indictment, then you should convict that defendant."

When considered in its entirety, the charge is not misleading. Remedial instructions properly confined the charge to the particular portion of the code set out in the indictment. *Lumpkin v. State*, 249 Ga. 834, 836 (2) (295 SE2d 86); *Pippin v. State*, 205 Ga. 316, 324 (9) (53 SE2d 482).

Appellant further contends that since the indictment alleged the knife was a deadly weapon and the charge added: "any object . . . when used offensively . . . is likely to result in serious bodily injury . . . ," the jury was allowed to return a finding of guilty under alternative theories. But the question whether the knife constituted a deadly weapon or whether it constituted an instrument likely to inflict serious bodily harm had nothing to do with the manner in which the crime was committed. "Consequently, the charge cannot reasonably be deemed to have presented the jury with an alternative basis for finding the appellant guilty of aggravated assault not charged in the

indictment." *Miller v. State*, 174 Ga. App. 703, 704 (3) (331 SE2d 616).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 15, 1987.

Michael H. Lane, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Andrew Weathers, Benjamin H. Oehlert III, Assistant District Attorneys, for appellee.