## A92A1897. SIMMONS v. THE STATE.
### (427 SE2d 560)

COOPER, Judge.

Appellant was convicted of aggravated assault and appeals from the entry of judgment on the conviction and sentence and the denial of his motion for new trial. In his sole enumeration of error, appellant contends the trial court's charge on aggravated assault authorized the jury to find him guilty of aggravated assault by a method other than the method specifically alleged in the indictment.

OCGA § 16-5-21 (a) "authorizes conviction for aggravated assault 'upon proof of one or more of several modes of assault, i.e., with a deadly weapon, or with intent to commit murder, rape, or robbery. [Cit.]' [Cit.]" *Ross v. State*, 192 Ga. App. 65, 66 (2) (383 SE2d 627) (1989). The indictment alleged that appellant "did unlawfully commit an assault upon the person of Janice Smith, by cutting and stabbing her with a knife, a means likely to cause serious bodily injury when used offensively against a person." Consistent with OCGA § 16-5-21 (a) (2), the trial court charged the jury as follows: "A person commits the offense of aggravated assault when he assaults with a deadly weapon or any object, device or instrument which, when used offensively against a person, is likely to or actually does result in serious

bodily injury." Relying on *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206) (1978), appellant contends the trial court gave the jury three alternatives on which to convict which were not alleged in the indictment by including the phrase, "weapon or any object, device or instrument," in its charge, rather than limiting the charge to the knife specifically referred to in the indictment. However, unlike *Walker*, this is not an instance in which the trial court has misled the jury by charging a Code section in its entirety without tailoring the instruction to fit the allegations in the indictment. "In *Walker*, supra, we emphasized that a charge can be misleading to a jury 'where it gives several definitions of the *offense* for which (an) accused is being tried. . . .' [Cit.] 'It is reversible error for the court to submit a case to the jury upon a theory entirely different from that claimed in the (indictment or accusation). . . .' [Cits.]" (Emphasis supplied.) *Gaines v. State*, 177 Ga. App. 795, 797 (1) (341 SE2d 252) (1986). Appellant was charged in the indictment with aggravated assault with a deadly weapon, and the court specifically charged the jury on that offense. Thus, the court charged the jury properly with respect to the *manner* in which aggravated assault was allegedly committed by appellant, i.e., with a deadly weapon.

Furthermore, the jury could not have been confused or misled by the court's definition of aggravated assault with a deadly weapon, which followed the wording of the statute but did not instruct the jury that it must find appellant guilty specifically of a knife attack, as alleged in the indictment. First, the evidence adduced at trial only points to one "deadly weapon" or "object likely to cause serious bodily injury," a knife. In addition, the court began the charge by reading the indictment, the jury was instructed that the indictment framed the issues for its deliberations, and the indictment went out with the jury during the deliberations. Viewing the charge in its entirety, it is not misleading. See generally *Davis v. State*, 184 Ga. App. 230 (2) (361 SE2d 229) (1987). Appellant's argument to the contrary is without merit.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 26, 1993.

*Anna Blitz*, for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, A. Thomas Jones, Assistant District Attorneys*, for appellee.