## A99A0398. BATES v. THE STATE.
### (515 SE2d 666)

BARNES, Judge.

Eric E. Bates was convicted of aggravated assault, criminal damage to property, and possession of a firearm during the commission of a crime and acquitted of two counts of armed robbery. He appeals, contending that insufficient evidence supports the jury's convictions. We disagree and affirm.

1.

> [O]n appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence *sufficiency*, and does not weigh the evidence or determine witness credibility. Conflicts in the testimony of the witnesses [are] a matter of credibility for the jury to resolve.

(Citations and punctuation omitted; emphasis supplied.) *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Construed to support the verdict, the evidence shows that Officer Michael Green responded to a call to go to Colorado Street in Columbus regarding a shooting. He testified that when he reached the scene, he saw a man later identified as Bates standing in the street. Witnesses said the man in the street had just fired some shots. He chased that person for a time but lost him, he said. When he returned to the scene he saw Roderick Adams lying in a pool of blood behind his patrol car. After an ambulance took Adams away, Officer Green helped police technicians mark and photograph shell casings on the ground around the house. He then entered the house and saw bullet holes in the walls and blood in the kitchen and living room. Green testified that William Lee Tucker, who also lived at the house on Colorado Street, told him Bates shot Adams and was the person running from the scene. Finally, Green testified that he found no firearms or live ammunition in the house and no evidence that a gun had been fired

from inside the house.

Roderick Adams testified that Bates robbed him and his brother, William Tucker, at gunpoint the evening before the shooting. The next morning Adams saw Bates coming down the street and went inside to wake Tucker. He stuck his head out of the door and heard Bates firing a gun, so he ran to the back of the house. He was planning to escape out the back door, but bullets were coming into the house from all directions so he could not exit. Adams testified that he was shot in the thigh and finger. Tucker corroborated Adams' testimony regarding the armed robbery and the shooting incident and added that he pointed Bates out to Officer Green as the shooter. Both Adams and Tucker said they never shot at Bates.

Detective Steven L. Wurst testified that he investigated the scene at Colorado Street and found 13 rounds of shell casings all around the house. Wurst also found no firearms in the house and smelled no gun powder that would indicate a gun had been fired from inside.

Finally, the prosecution presented three witnesses who testified about two similar transactions involving firearms, in which Bates pled guilty to aggravated assault charges.

Bates argues that the jury must not have believed the two victims since it acquitted him of the armed robbery charges. Therefore, he asserts, the remaining evidence against him did not exclude the possibility that he fired the shots in self-defense, as he testified, and his conviction should be reversed. However, the jury was free to believe the witnesses' testimony that Bates was the shooter and disbelieve their testimony that Bates robbed them at gunpoint the night before the shooting. *Miasso v. State*, 191 Ga. App. 222, 223 (381 SE2d 315) (1989).

We find the evidence sufficient for a rational trier of fact to find Bates guilty beyond a reasonable doubt of aggravated assault, criminal damage to property in the first degree, and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 7, 1999 —
RECONSIDERATION DISMISSED APRIL 29, 1999.

*Hagler, Hyles, Adams & Hix, Clark C. Adams, Jr.,* for appellant.

*J. Gray Conger, District Attorney, Roger H. Anderson, Assistant District Attorney*, for appellee.