## S01A0269. FLEMING v. THE STATE.
### (546 SE2d 273)

FLETCHER, Presiding Justice.

A jury convicted Byron Fleming of malice murder, aggravated assault, and possession of a firearm in connection with the shooting death of Gwinnett County Deputy Sheriff Kenneth Lee Wimberly.[1] The state sought the death penalty, but the trial court sentenced Fleming to life imprisonment after the jury was unable to reach a unanimous verdict on the sentence. Fleming contends that the trial court should have given requested charges to the jury on voluntary manslaughter, self-defense, and mutual combat. Because there was insufficient evidence to support the charges, the trial court properly refused to give them. Therefore, we affirm.

1. The evidence presented at trial shows that Deputy Wimberly was working as a security officer at an apartment complex when he approached Fleming behind an apartment building, identified himself as an officer, and asked Fleming to return to his apartment due to complaints that he was too loud. The conversation ended peacefully, and Fleming walked back to his apartment. As Wimberly was standing with the maintenance supervisor and assistant manager at the end of the building, they heard a loud noise in the direction of Fleming's apartment. Wimberly walked back toward the apartment and called for help on his police radio.

In their second encounter, Fleming walked up to Wimberly, hit him in the chest with both fists at full force, and knocked him off balance. As they were struggling, Fleming reached around Wimberly and pulled the deputy's handgun from his back waistband. Fleming shot Wimberly once on the back left side of his neck. Fleming then pointed the gun at Terry Peterson, the maintenance supervisor, and said, "I'm going to kill you." Peterson ducked down, heard another shot, and dived through the closed window of another apartment.

When police arrived, they found Wimberly dead with his pistol, deputy's badge, and radio by his feet. Fleming came out of his apartment, saying, "What's all the commotion? I'm trying to read my Bible." The arresting officer told Fleming five or six times to get down; when Fleming did not respond, the officer knocked the book out of his hands, forced him down on the ground, and began to handcuff him. Fleming said, "Kill me. I know you want to kill me."

Testifying at the trial in his own defense, Fleming said that he

---

[1] The shooting occurred on September 22, 1998, and Fleming was indicted the next day. A jury found him guilty on February 17, 2000, and the trial court sentenced him on February 22, 2000. Fleming filed a motion for a new trial on March 15, 2000, which was denied on August 23, 2000. Fleming filed a notice of appeal on September 14, 2000. The case was docketed on November 2, 2000, and submitted for decision without oral arguments on December 27, 2000.

did not see Wimberly's badge or hear him say he was a deputy. Fleming admitted that he grabbed the deputy's gun and had his finger on the trigger when it fired. He testified that he was distracted by Peterson when Wimberly grabbed the gun with both hands and it discharged accidentally. Fleming denied firing a second shot, although a second shell casing was found in the gun and witnesses testified that they heard more than one shot. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Fleming guilty of the crimes charged.[2]

2. The evidence did not support a jury charge on voluntary manslaughter, self-defense, or mutual combat. Fleming's defense was that he intended to throw the gun in the woods and accidentally shot Wimberly in the process. Fleming failed to present even slight evidence that he was seriously provoked by the actions of the deputy sheriff,[3] was justified in using deadly force to protect himself,[4] or engaged in a mutual fight with deadly weapons.[5] Therefore, the trial court properly refused to give the requested instructions.

3. Finally, the trial court did not commit harmful error in allowing the state to supplement the record with juror affidavits.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001 —
RECONSIDERATION DENIED JUNE 4, 2001.

*W. Keith Davidson, Darel C. Mitchell,* for appellant.

*Daniel J. Porter, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.

---

[2] See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Beck v. State,* 272 Ga. 863, 865 (535 SE2d 756) (2000) (victim's actions in defending self to end defendant's attack is not serious provocation).

[4] See *Turner v. State,* 262 Ga. 359, 360 (418 SE2d 52) (1992) (defenses of accident and self-defense usually are mutually exclusive).

[5] See *Jenkins v. State,* 270 Ga. 607, 609 (512 SE2d 269) (1999) (both parties must be at fault and willing to fight generally with deadly weapons).