## A04A0119. HUGHES v. THE STATE.
### (596 SE2d 697)

PHIPPS, Judge.

Cedric Reginald Hughes was charged with murder, felony murder, and aggravated assault based on allegations that he had caused the death of Katrina Smith by choking her with his hands. Hughes was convicted of aggravated assault. His initial appeal was dismissed due to his counsel's failure to file a timely notice of appeal. Hughes was later granted this out-of-time appeal. He challenges the sufficiency of the evidence and the correctness of various jury instructions. Finding no merit in any of these claims of error, we affirm.

Hughes and Smith met and began to date in the 1980s. They had a son and began living together, but they did not marry. They separated in 1996, but in 1997 they again began living together with their son in Smith's apartment. On the morning of July 31, 1997, Hughes and Smith were alone in the apartment when tensions began to escalate. Suddenly, she grabbed him in a bear hug, he grabbed her face and neck, and they began to wrestle each other to the floor. Neither would let go of the other first. When Smith finally loosened her grip on Hughes, he rushed to the front door to leave. But when he told her to get up and lock the door, she did not move. And when he tried to move her, she was limp. As a result, he panicked and ran to his brother's house, where he called 911.

Smith was found dead on the floor. The medical examiner testified that the cause of her death was manual strangulation. In a pretrial statement to police, Hughes admitted that as he and Smith had struggled, he had choked her to the point that she had started coughing as though she could not breathe. At trial, Hughes testified that as he and Smith were wrestling each other to the floor, he had not felt like they were angry or out of control. But photographs of her body showed marks and bruises on her face and neck.

1. Hughes first contends that the trial court erred in denying his motion for directed verdict of acquittal because of a fatal variance between the allegation in the indictment that he had choked Smith

with his hands and the proof at trial that the cause of her death was manual strangulation. Hughes bases this contention on expert testimony showing that, in medical terminology, the term "choking" refers to an obstruction caused by a foreign object within the airway passage. As argued by Hughes, there was no evidence of any foreign object in Smith's airway.

It can, however, be said that the act of manual strangulation constitutes an obstruction of the airway passage by a foreign object, i.e., the hands of the defendant.[1] Moreover, according to its ordinary meaning, the term "choke" is synonymous with the term "strangle."[2] Therefore, there was no variance between the allegata and the probata.

2. Hughes contends that the trial court erred in instructing the jury that hands may be considered deadly weapons. Hughes argues that this jury instruction was error because he was not charged with aggravated assault with a deadly weapon.

Under OCGA § 16-5-21 (a), an aggravated assault may be committed in various ways. Under subsection (a) (2), a person commits the offense of aggravated assault when such person assaults another "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." We have held that while hands are not considered deadly weapons per se within the meaning of OCGA § 16-5-21 (a) (2), the factfinder may find them to be so depending on the circumstances surrounding their use, including the extent of the victim's injuries.[3]

The indictment charged Hughes with murder by having caused Smith's death by choking her with his hands, with felony murder by having caused her death during the commission of the felony of aggravated assault, and with aggravated assault by having choked her "with his hands, a means and instrumentality likely to cause serious bodily injury when used offensively against a person." The indictment thus alleged that Hughes used his hands as deadly weapons. We, therefore, find no error in the jury charge.

3. Finally Hughes contends that the trial court erred in instructing the jury on the full definition of aggravated assault under OCGA § 16-5-21 (a) (2). Hughes argues that the court should not have instructed the jury that a person commits the offense of aggravated assault by assaulting a person with a device which "is likely to or

---

[1] See American Heritage Dictionary (2nd ed. 1985), p. 1203.

[2] See id. at p. 269.

[3] *Mallon v. State*, 253 Ga. App. 51, 54 (3) (557 SE2d 409) (2001).

*actually does* result in serious bodily injury,"[4] because the indictment described his hands only as a means or instrumentality "likely to cause serious bodily injury when used offensively against a person." Hughes claims that the jury charge thus offended the rule that it is "reversible error to charge that a crime may be committed by either of two methods, when the indictment charges it was committed by one specific method, and then charge the jury that they may convict the defendant if they find he committed the offense by a method other than the specific type charged in the indictment."[5] We find no merit in these arguments.

In order to prove the aggravated assault charge under the indictment in this case, the state was required to show only that Hughes had used his hands in a manner likely to cause serious bodily injury; the state was not required to show that he had used his hands in a manner that actually resulted in serious bodily injury. A determination by the jury that Hughes used his hands in a manner that actually resulted in serious bodily injury to Smith would encompass a finding that he had used his hands in a manner likely to cause serious bodily injury.[6] Therefore, there existed no reasonable probability that the jury convicted Hughes of committing the offense in a manner not charged in the indictment.[7]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 10, 2004.

*Anna Blitz*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.

---

[4] (Emphasis supplied.)

[5] (Citations and punctuation omitted.) *Barnett v. State*, 204 Ga. App. 491, 497 (3) (420 SE2d 43) (1992).

[6] Compare *Ross v. State*, 195 Ga. App. 624-625 (1) (b) (394 SE2d 418) (1990).

[7] See *Chadwick v. State*, 236 Ga. App. 199, 201-202 (2) (511 SE2d 286) (1999).