A06A0880. BUICE v. THE STATE.
(636 SE2d 676)

BERNES, Judge.

A DeKalb County jury convicted Henry Lewis Buice of one count of family violence battery. On appeal, he contends that the trial court erred by defining the crime for the jury in a manner not charged in the indictment and by declining to charge the jury on the affirmative defense of justification. Because the trial court committed no error, we affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Rosser v. State*, 276 Ga. App. 261, 262 (1) (623 SE2d 142) (2005).

So viewed, the evidence reflects that appellant and the victim have been romantically involved "on and off" for the past 29 years. On the night of June 4, 2004, appellant and the victim got into an argument at the Efficiency Lodge in DeKalb County, where the victim resided. When the argument escalated into a physical fight, appellant's sister called 911.

---

[14] *Wadsworth v. State*, 209 Ga. App. 333, 334 (2) (433 SE2d 419) (1993).

As the responding law enforcement officer arrived at the scene, the victim waved down the officer's vehicle. She was visibly distraught. Her face was swollen and had several marks "like nicks" on it. She also had a swollen right arm and dark bruising on her middle back and near her tail bone. The victim informed the officer that appellant had pushed, hit, kicked, and spit on her, and that in an effort to force him away, she struck him in the head with a chair.

Appellant was subsequently indicted on one count of family violence battery under OCGA § 16-5-23.1 (f). At trial, the victim recanted her earlier allegations that appellant had hit, kicked, and injured her. The victim also denied that appellant was living with her at the Efficiency Lodge at the time of the incident.

The responding officer also testified, and she related what the victim had said immediately after the incident. The officer further testified about the victim's visible injuries and distraught demeanor when the officer arrived on the scene. According to the officer, appellant spoke with her following the incident and stated that he lived with the victim.

In addition to the testimony of the victim and the responding officer, the state presented evidence of two previous incidents in which appellant had physically injured the victim. Appellant did not testify or call any defense witnesses.

1. "A person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). "If the offense of battery is committed between . . . persons living or formerly living in the same household, then such offense shall constitute the offense of family violence battery. . . ." OCGA § 16-5-23.1 (f). We conclude that the evidence was sufficient under *Jackson*, 443 U. S. 307, to authorize appellant's conviction of family violence battery. See *Griffin v. State*, 262 Ga. App. 87, 88 (1) (585 SE2d 145) (2003); *Holland v. State*, 239 Ga. App. 436, 437 (1) (521 SE2d 255) (1999). The victim's prior inconsistent statements to the officer constituted substantive evidence upon which the jury could rely in reaching its verdict of guilty. See *Griffin*, 262 Ga. App. at 88 (1). The jury also was entitled to consider the prior difficulties evidence presented by the state, which "most certainly demonstrated the state of the relationship between appellant and the victim," and was "highly relevant" to show "his abusive bent of mind toward her." *Tuff v. State*, 278 Ga. 91, 92 (2) (597 SE2d 328) (2004).

2. Appellant argues that the trial court's charge on the statutory definition of family violence battery permitted the jury to find him guilty of the crime by a method other than the one specifically charged in the indictment.

It is not usually cause for a new trial that an entire Code section is given even though a part of the charge may be inapplicable under the facts in evidence. However, it is error to charge the jury that a crime may be committed by either of two methods, when the indictment charges it was committed by one specific method. If there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment, then the conviction is defective because of a fatal variance between the proof at trial and the indictment returned by the grand jury.

(Citations and punctuation omitted.) *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987). See also *Kilpatrick v. State*, 276 Ga. 151, 154 (3) (575 SE2d 478) (2003); *Chapman v. State*, 273 Ga. 865, 868 (2) (548 SE2d 278) (2001).

(a) Appellant first contends that because the indictment only averred that appellant "intentionally caused visible bodily harm to [the victim]," the trial court erred in instructing the jury that "a person commits the offense of battery when he intentionally causes *substantial physical harm* or visible bodily harm to another." (Emphasis supplied.) See OCGA § 16-5-23.1 (a). We disagree.

The evidence presented at trial supported two alternative theories: either that appellant committed no offense at all, or that he committed family violence battery as alleged in the indictment, i.e., by hitting and kicking the victim, causing her to bruise. As such, this is not a case where there was evidence that the *crime itself* was committed by two different, alternative methods, only one of which was charged in the indictment and only one of which the defendant had noticed before trial. Compare *Perguson v. State*, 221 Ga. App. 212, 213-214 (1) (470 SE2d 909) (1996); *Robinson v. State*, 152 Ga. App. 296, 296-297 (262 SE2d 577) (1979). It follows that the discrepancy between the averment in the indictment and the trial court's charge "had nothing to do with the manner in which the crime was committed." *Davis v. State*, 184 Ga. App. 230, 232 (2) (361 SE2d 229) (1987); *Miller v. State*, 174 Ga. App. 703, 704 (3) (331 SE2d 616) (1985). See also *Simmons v. State*, 207 Ga. App. 171, 172 (427 SE2d 560) (1993). "Consequently, the charge cannot reasonably be deemed to have presented the jury with an alternative basis for finding the appellant guilty of [family violence battery] not charged in the indictment." (Citation and punctuation omitted.) *Davis*, 184 Ga. App. at 232-233 (2).

(b) Appellant also argues that because the indictment averred that appellant "did live in the same household as the victim," the trial court erred in instructing the jury that "if the offense of battery is

committed between persons living *or formerly living* in the same household then that offense shall constitute the offense of family violence battery." (Emphasis supplied.) See OCGA § 16-5-23.1 (f). Again, we disagree.

As noted, the indictment charged that appellant "did" live with the victim, a phraseology which does not distinguish between whether appellant currently or formerly lived with the victim at the time of the battery, and which therefore can reasonably be construed as encompassing both factual scenarios. As such, the indictment was sufficient to put appellant on notice that he could be convicted for family violence battery if he lived with the victim at some point in time. Accordingly, the trial court's charge to the jury did not "permit the prosecution to prove that [the] crime was committed in a wholly different manner than that specifically alleged in the indictment," and so we find no reversible error. *Floyd v. State*, 251 Ga. App. 346, 348 (1) (553 SE2d 658) (2001). See also *Hughes v. State*, 266 Ga. App. 203, 204 (3) (596 SE2d 697) (2004) (no reversible error when language of indictment encompassed the more specific definition of the crime that was charged to the jury).

3. Appellant asserts that the trial court erred by declining to charge the jury on the affirmative defense of justification. We cannot agree.

"There must be at least slight evidence produced at trial to authorize a jury instruction, and whether the evidence presented is sufficient to authorize a charge is a question of law." *Mathis v. State*, 279 Ga. 100, 102 (2) (610 SE2d 62) (2005). "A prima facie case of justification requires a showing that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was honestly trying to defend [him]self." (Citation and punctuation omitted.) *Harrison v. State*, 268 Ga. 574, 577 (3) (492 SE2d 218) (1997).

There was insufficient evidence to establish a prima facie case under either of the two factual scenarios presented at trial. According to the responding officer, the victim stated that appellant had pushed, hit, kicked, and spit on her, and that she had reacted by hitting appellant in the head with a chair. This scenario clearly did not support a justification defense, since it presented appellant as the aggressor. At trial, the victim testified that she hit appellant in the head with a chair during the course of their argument, and that he never pushed, hit, or kicked her in response. Under this alternative scenario, there was no evidence that appellant tried to defend himself or otherwise acted in any manner to protect his person. The trial court properly denied appellant's requested jury charge on justification. See *Broussard v. State*, 276 Ga. 216, 217 (2) (576 SE2d 883) (2003); *Fleming v. State*, 273 Ga. 837, 838 (2) (546 SE2d 273) (2001).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 29, 2006 —
RECONSIDERATION DENIED SEPTEMBER 19, 2006 —

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.