## A07A1669. RICHARDS v. THE STATE.
(655 SE2d 690)

BARNES, Chief Judge.

Following the denial of his motion for new trial, John Oliver Richards appeals his conviction for one count of aggravated assault. As his sole enumeration of error, Richards contends that the evidence was insufficient to support the verdict. Specifically, Richards argues that the State failed to disprove his claim of self-defense. Having reviewed the record, we disagree and affirm.

On appeal, we view the evidence in the light most favorable to support the verdict, and Richards no longer enjoys a presumption of innocence. This Court determines only whether the evidence was sufficient to allow a rational trier of fact to find the accused guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We do not weigh the evidence or second-guess a jury's determination of witness credibility. Moreover, conflicts in the evidence are matters of credibility for the jury alone to resolve. *Young v. State*, 242 Ga. App. 681 (1) (530 SE2d 758) (2000); *Bates v. State*, 237 Ga. App. 812 (1) (515 SE2d 666) (1999).

Viewed in this light, the evidence shows that the victim, Richards' 31-year-old son, was trying to sleep early one morning when Richards disturbed him by hollering in a nearby room. The victim insisted that Richards be quiet, which led to a physical fight during which Richards stabbed the victim in the scrotum with a knife.

Upon being wounded, the victim retreated to his room and summoned the aid of his mother, who took him to the hospital for emergency treatment. The victim's wound required three stitches. The police found Richards later that day and noticed he had bandaged a cut on his hand. An investigator testified that it is common for an assailant to sustain cuts to his hands while attacking someone with a knife.

Richards maintains that the State failed to prove that he did not cut his son in self-defense. When a defendant presents sufficient evidence raising a claim of self-defense, the State must disprove that defense beyond a reasonable doubt. *Giddens v. State*, 276 Ga. App. 353, 355 (1) (623 SE2d 204) (2005); *Syfrett v. State*, 210 Ga. App. 185 (1) (435 SE2d 470) (1993).

Here, even if the victim initiated the fight and Richards would have been authorized to use some force to defend himself, the amount of force he used must not have been excessive for it to qualify as self-defense. OCGA § 16-3-21 (a) provides, in relevant part: "A person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself." Because stabbing is likely to cause "great bodily harm,"

Richards would have been justified in stabbing the victim only if he reasonably thought it was necessary to avert death or great bodily injury to himself. OCGA § 16-3-21 (a).

The State presented sufficient evidence to show that Richards did not reasonably believe that he needed to stab his weaponless son to prevent great bodily injury to himself. For one thing, the victim was wearing only boxer shorts when the altercation took place, and thus Richards would have seen that the victim had no weapon on his person. After hearing the evidence and the trial court's instruction on self-defense, the jury found that Richards' act of stabbing constituted excessive force and thus fell outside the realm of self-defense and inside the realm of aggravated assault. *In the Interest of Q. M. L.*, 257 Ga. App. 22, 23 (2) (570 SE2d 92) (2002) (stabbing with knife to repel weaponless attack was excessive force and did not qualify as self-defense); see also *Harris v. State*, 274 Ga. 422, 423 (1) (554 SE2d 458) (2001). Accordingly, we affirm Richards' conviction.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED DECEMBER 10, 2007.

*Samir J. Patel*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.