A08A1370. JONES v. THE STATE.

(669 SE2d 505)

BARNES, Chief Judge.

Following a jury trial, Christopher Jones was convicted of three counts of kidnapping and aggravated assault. Jones was sentenced to ten years in confinement on the first kidnapping conviction and five years on the aggravated assault, to run concurrently. He was sentenced to twenty-five years on the other two kidnapping convictions because they involved victims under the age of fourteen. Jones filed a motion for new trial, and following a hearing, the trial court partially granted the motion, finding that trial counsel was ineffective as to the kidnapping convictions, and that the sentencing statute as applied was unconstitutional. See OCGA § 16-5-40 (b) (2). The trial court denied the motion relating to the aggravated assault conviction. Jones filed his notice of appeal in the Supreme Court of Georgia, and the State moved to have the appeal transferred to this Court on the basis that the Supreme Court lacked jurisdiction to hear the appeal. The Supreme Court granted the motion, and transferred the case to this Court.

Meanwhile, the State filed an application in the Supreme Court for interlocutory appeal of the order granting the motion for new trial on the three kidnapping convictions, which the Court granted. See *State v. Jones*, 284 Ga. 302 (667 SE2d 76) (2008). In *Jones*, the Supreme Court vacated the trial court's ruling regarding the constitutionality of OCGA § 16-5-40 (b) (2) as premature, reversed the trial court's ineffective assistance ruling after finding that it was waived, and remanded the case to the trial court for consideration of Jones' sufficiency of the evidence argument regarding the kidnapping convictions. See id.

Although Jones enumerates several issues as error, the only ones before this Court relate to Jones' conviction for aggravated assault.

Jones contends that the evidence was insufficient to sustain his aggravated assault conviction, that the court erred in allowing the victim to testify about her injuries, and that trial counsel was ineffective in failing to conduct a proper, thorough and sifting cross-examination of the victim. Upon review, we affirm Jones' conviction for aggravated assault.

On appeal, we view the evidence in the light most favorable to support the verdict, and Jones no longer enjoys a presumption of innocence. This Court determines only whether the evidence was sufficient to allow a rational trier of fact to find the accused guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We do not weigh the evidence or second-guess a jury's determination of witness credibility. Moreover, conflicts in the evidence are matters of credibility for the jury alone to resolve. *Young v. State*, 242 Ga. App. 681 (1) (530 SE2d 758) (2000); *Bates v. State*, 237 Ga. App. 812 (1) (515 SE2d 666) (1999).

So viewed, the evidence shows that Jones and the victim had a long-distance relationship while Jones lived in Oklahoma and the victim lived in Macon. Jones was also the father of the victim's then 18-month-old daughter. In August 2006, Jones moved from Oklahoma to live with the victim. One night, after the couple had been living together for "about three or four days" Jones became angry because the victim would not have sex with him.

Jones turned the light on in the bedroom, and when the victim protested that he would wake their baby who was also sleeping in the room, Jones told her that if he "wasn't going to get any sleep, [she] wasn't going to get any sleep and turned the light on and off." When she attempted to stop him, Jones slammed the victim's head in the wall, choked her, and threatened to kill her. When she fell to the floor, he got on top of her, punched her and continued to choke her. The baby began crying, and the victim's older daughter, who was six years old, came into the room and told Jones to stop hitting her mommy.

After the victim picked up her daughter, Jones grabbed the victim by the hair and walked her to the kitchen where he ordered her to pour him orange juice. The victim was holding the baby, and Jones took a sip of the juice then threw the rest into the faces of the victim and the baby. Jones continued to hold the victim by her head, and forced her and her six-year-old daughter to put his clothes into Jones' car. The victim gave Jones $83, and he took her license, social security card, and keys and told the victim and children to get into his car. Jones forced the victim to direct him to the interstate, then dropped her and the children in an unfamiliar neighborhood. The victim knocked on several doors, and eventually found someone to help her. The woman who helped the victim testified that the victim

had been badly beaten and "her eye was closed and she was swollen on her right side. And she had a big knot, swollen hard, and she had blood" on her face. The victim suffered a fractured facial bone. Although Jones fled the state, he was extradited to Georgia to stand trial.

1. Jones first contends that the evidence was insufficient to sustain his aggravated assault conviction. He was charged with assaulting the victim "by choking, punching, and kicking her with his hands and feet, which are objects, devices and instruments which when used offensively against a person are likely to and actually did result in a serious bodily injury."

> Aggravated assault encompasses the use of "any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). While fists per se are not a deadly weapon within the meaning of OCGA § 16-5-21, nevertheless, they may be found to be a deadly weapon by the jury depending on the manner and means of their use, the wounds inflicted, etc.

(Citations and punctuation omitted.) *Durden v. State*, 219 Ga. App. 732, 734-735 (3) (466 SE2d 641) (1995).

Jones argues that he and the victim were engaged in mutual combat, and in a statement made to police that was admitted at trial, maintained that the victim was trying to push him out of the door, and they "got to fighting, and I struck her twice in the face. And she pushed me, and I hit her one additional time." These facts are of no consequence on appeal because we do not speculate as to which evidence the jury chose to believe. "The credibility of witnesses and the weight to be given their testimony are questions for the trier of fact, and [we do not] determine or question how the jury resolved any conflicts in the evidence." (Footnote omitted.) *Knowles v. State*, 245 Ga. App. 523, 524 (1) (538 SE2d 175) (2000). We find that the evidence was sufficient to authorize any rational trier of fact to find Jones guilty of aggravated assault beyond a reasonable doubt. *Jackson*, supra, 443 U. S. 307.

2. Jones also contends that the trial court erred in allowing the victim to testify about her injuries. Jones argues that the victim's testimony regarding her injuries was inadmissible as hearsay because a lay witness is not competent to give a medical opinion relative to her injuries.

A lay witness is not competent to give what amounts to a medical opinion relative to his injuries or the effect thereof. *Thomason v. Willingham*, 118 Ga. App. 821, 825 (2) (165 SE2d 865) (1968). This proscription includes the diagnosis and potential continuance of a

disease, which must be established by physicians as expert witnesses and not by lay persons. *Hunnicutt v. Hunnicutt*, 237 Ga. 497 (228 SE2d 881) (1976).

The record reflects that Jones made a motion in limine to exclude the victim's testimony regarding her fractured facial bone as hearsay. The trial court overruled the objection and allowed the victim to "testify as to her own injuries." The victim later testified that her "right jawbone was broken" during Jones' assault.

We can find no authority, nor does Jones present any, for the proposition that victims of crimes cannot testify as to the injuries they suffered during an assault. See *Ferrell v. State*, 283 Ga. App. 471, 473 (2) (641 SE2d 658) (2007) (victim testified that cheekbone, nose and four ribs were broken during attack); *Johnson v. State*, 260 Ga. App. 413, 415-416 (1) (579 SE2d 809) (2003) (victim testified that nose was broken during attack); *Code v. State*, 255 Ga. App. 432, 433 (1) (565 SE2d 477) (2002) (victim testified that his jaw was broken in two places during attack).

Accordingly, the trial court did not err in permitting the victim to testify that her jaw was broken during the assault.

3. Although Jones also contends that trial counsel was ineffective by failing to conduct a "proper, thorough, and sifting cross-examination" of the victim,

> [i]t is well settled that a defendant must raise all allegations of ineffective assistance of counsel as soon as practicable. As an attorney cannot reasonably be expected to assert his or her own ineffectiveness, the issue generally is raised when new counsel appears on behalf of the defendant. The rule is consistent: New counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review. When new counsel raises the issue of ineffective assistance, this Court will review only those allegations of ineffectiveness raised. Any remaining allegations are procedurally barred.

(Punctuation and footnotes omitted.) *Upshaw v. State*, 257 Ga. App. 199, 201-202 (4) (570 SE2d 640) (2002).

The record reveals that Jones never asserted that trial counsel was ineffective on these grounds in his motion for new trial, amended motion for new trial, or the motion for new trial hearing. He has thus waived them on appeal. *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003) (specific ineffective assistance claims not made in motion for new trial are waived on appeal).

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 14, 2008.

*Robert M. Bearden, Jr.*, for appellant.

*Howard Z. Simms, District Attorney, Gregory W. Winters, Assistant District Attorney*, for appellee.