### A10A1912. WHITLEY v. THE STATE.

(707 SE2d 375)

BARNES, Presiding Judge.

A Cherokee County jury found Timothy Wayne Whitley guilty of aggravated assault with a deadly weapon and battery. Whitley

appeals from the denial of his motion for a new trial, contending that the evidence was insufficient to enable the trier of fact to reject his claim of self-defense and convict him of the charged offenses. We disagree and affirm.

> On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Buice v. State*, 281 Ga. App. 595 (636 SE2d 676) (2006).

So viewed, the evidence showed that Whitley and the victim had been involved in an "off and on" romantic relationship spanning several years. On July 22, 2007, Whitley and the victim were living together at a motor lodge in Cherokee County. Both had been drinking alcohol that day, and they got into an argument that escalated into a physical altercation in which they exchanged blows. During the altercation, Whitley struck the victim in her face and mouth with his fist. The victim attempted to leave, but Whitley grabbed her by the hair, jerked her backward, forced her to the ground, got on top of her, and began to choke her while screaming that he wanted her to die. When the victim lost consciousness, Whitley began kicking her and accusing her of faking her condition. Ultimately, the victim was able to escape from the rented room.

Another person staying at the motor lodge called 911 when she saw the victim run from the room holding the back of her head and calling out for help. After learning that someone had called 911, Whitley fled from the motor lodge before the police arrived.

The responding police officer interviewed the victim at the scene, and she described the altercation to him. The officer observed that the victim had red marks on both sides of her neck consistent with choking, two knots on her forehead, and blood around the areas of her scalp where her hair had been jerked back. Photographs were taken of the victim's injuries that were later admitted into evidence at trial and published to the jury.

Whitley subsequently was apprehended and indicted on charges of aggravated assault with a deadly weapon and battery. See OCGA §§ 16-5-21 (a) (2); 16-5-23.1 (a). A defendant is guilty of an assault if he "[a]ttempts to commit a violent injury to the person of another" or "[c]ommits an act which places another in reasonable apprehen-

sion of immediately receiving a violent injury." OCGA § 16-5-20 (a). If the assault is committed with a deadly weapon, the defendant is guilty of aggravated assault, OCGA § 16-5-21 (a) (2), and "[t]he use of hands to choke a victim satisfies the deadly weapon . . . element of the aggravated assault statute." (Citation, punctuation and footnote omitted.) *Hall v. State*, 292 Ga. App. 544, 546-547 (1) (664 SE2d 882) (2008). In turn, a defendant is guilty of battery if he "intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). Here, the indictment averred that Whitley had committed aggravated assault by using his hands as deadly weapons to choke the victim, and had committed battery by grabbing the victim and throwing her to the ground, causing her substantial physical and visible bodily harm.

At trial, the victim testified that she still loved Whitley and that she hoped to recommence her relationship with him after the legal proceedings were resolved. On the one hand, the victim denied remembering certain aspects of her physical altercation with Whitley, testified that she started the altercation by pushing him, and stated that there were prior instances in which she had struck Whitley. On the other hand, the victim conceded that Whitley hit her in the face and mouth, threw her to the ground, and began choking her while urging her to die, causing her to pass out. The victim also testified regarding several other incidents in which Whitley had physically injured her over the course of their relationship, including incidents occurring after the altercation at issue in this case.

In addition to the victim's testimony, the responding officer testified concerning his observations of the victim's injuries, and other witnesses who were staying at the motor lodge at the time of the altercation corroborated the officer's observations. The officer also related what the victim had said to him immediately after the altercation, including that Whitley had grabbed her by the hair as she attempted to leave the rented room and had thrown her to the ground before choking her with his hands. Additionally, the State presented testimony corroborating the victim's account of her prior and subsequent difficulties with Whitley as well as similar transaction evidence that Whitley had physically attacked his previous girlfriend. Whitley did not testify or call any defense witnesses.

Following the close of evidence, the trial court, at Whitley's request, charged the jury on the law relating to affirmative defenses in general and on the affirmative defense of self-defense in particular. After hearing all of the testimony, the jury rejected Whitley's claim of self-defense and convicted him of the charged offenses.

In his sole enumeration of error, Whitley argues that the evidence was insufficient to support his convictions because he was

acting in self-defense. "A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself . . . against such other's imminent use of unlawful force[.]" OCGA § 16-3-21 (a). If the amount of force used by a person is excessive, however, it does not qualify as self-defense. *Richards v. State*, 288 Ga. App. 814 (655 SE2d 690) (2007). "Once evidence of self-defense is presented, the burden is on the [S]tate to disprove that defense beyond a reasonable doubt." (Footnote omitted.) *In the Interest of A. D.*, 295 Ga. App. 750, 751 (673 SE2d 116) (2009). Whether the defendant acted in self-defense is normally a question for the jury's determination. *Holmes v. State*, 273 Ga. 644, 645 (1) (543 SE2d 688) (2001).

We conclude that the State presented more than ample evidence that Whitley's use of force was not justified. Based upon the victim's testimony and her prior statement to the responding officer,[1] the jury clearly was authorized to find that Whitley's acts of grabbing the victim by the hair, throwing her to the ground, and choking her to the point of unconsciousness constituted excessive force. See *Blackford v. State*, 251 Ga. App. 324, 325-326 (1) (554 SE2d 290) (2001) (jury entitled to find that defendant's choking of victim during physical altercation constituted excessive force). See also *Richards*, 288 Ga. App. at 814-815; *In the Interest of A. M.*, 248 Ga. App. 241, 242 (1) (545 SE2d 688) (2001). To the extent that there were inconsistencies in the victim's testimony, it was the jury's responsibility to resolve them and to judge the credibility of the witness. See *Daniel v. State*, 296 Ga. App. 513, 516 (1) (675 SE2d 472) (2009). Moreover, the prior and subsequent difficulties evidence and the similar transaction evidence presented by the State supported the jury's decision to give little credence to Whitley's self-defense claim. See *Dixon v. State*, 267 Ga. 136, 140 (4) (475 SE2d 633) (1996) (evidence of similar transaction in which defendant attacked third party "tended to show a bent of mind and intent in initiating the attack that rebutted [the defendant's] claim of self-defense"); *Buice*, 281 Ga. App. at 596 (1) (evidence of prior difficulties between defendant and victim "most certainly demonstrated the state of the relationship between [the defendant] and victim, and was highly relevant to show his abusive bent of mind toward her") (citation and punctuation omitted). For these reasons, the evidence plainly was sufficient to authorize a rational trier of fact to find Whitley guilty

---

[1] A testifying victim's prior inconsistent statements to a police officer constitute substantive evidence upon which a jury can rely in reaching a verdict of guilty. *Buice*, 281 Ga. App. at 596 (1).

beyond a reasonable doubt of aggravated assault with a deadly weapon and battery. *Jackson*, 443 U. S. 307. See OCGA §§ 16-5-21 (a) (2); 16-5-23.1 (a).

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

## DECIDED JANUARY 19, 2011.

*H. Maddox Kilgore*, for appellant.

*Garry T. Moss, District Attorney, Cliff Head, Assistant District Attorney*, for appellee.