This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37618**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**FABIAN TRUJILLO,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Matthew J. Wilson, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Fabian Trujillo appeals his jury conviction for aggravated battery against a household member resulting in great bodily harm, contrary to NMSA 1978, Section 30-3-16(C) (2008, amended 2018). We affirm.

## BACKGROUND

**{2}** J.M. (Victim) testified to the following. Defendant was driving Victim's car and Victim was sitting in the passenger seat when Defendant began hitting Victim with a closed hand, including blows to Victim's head, the side of her body, her arms, and her ribs. Defendant hit Victim's face and behind her ear, and he pulled her finger. Defendant broke the tip of Victim's finger and fractured her ribs. Defendant finally pulled over, injected heroin, and passed out. Victim walked down the road where she accepted a ride home from a passing driver. An ambulance took Victim from her house to a hospital.

**{3}** About five minutes after Victim testified to the foregoing, the State asked her, "What sort of injuries did you have?" Victim responded, "Like I said, this finger right here was broken[.]" Defense counsel objected, stating:

> Judge, I'm going to object on the basis of hearsay with regard to any diagnosis that was given to this individual at the hospital and also move to strike her previous statement that she had fractured ribs. I believe that these statements are based on possibly expert opinion of the medical individuals who are not here and are not available for cross-examination as to the true nature of her injuries. I think she can say what she felt, what stuff looked like, but not a medical diagnosis.

The district court overruled the objection, stating that the objection regarding the fractured ribs was untimely and that Victim could "talk about her own body and what happened to her." However, the district court reminded the State that it needed to lay a proper foundation for such testimony.

**{4}** The State asked Victim about her treatment at the hospital and Victim responded, "I'm not sure what they did. They tested . . . they looked at my bumps on my head; they just felt right—like right here, I had . . . a fracture right here, facial fracture." Victim stated that her finger was in a splint for "a long while." The following exchange occurred:

> State: And how about your injury to your face?
> Victim: My regular doctor did X-rays.
> State: X-rays. Okay. And were you shown those X-rays?
> Victim: He told me about them.

Following this questioning, the district court heard Defendant's objection. Defendant stated:

> [We] renew the objection . . . with regard to testimony about the fractured face in particular. It doesn't sound like there would be any way for her as a person to know that she had a fracture except based on the X-rays that they gave . . . her doctor, and that information relayed to her.

The district court again overruled the objection but noted that Victim could not testify to anything the doctor said.

**{5}** Victim testified that due to the injury to her ribs, it hurt to breathe "for a long time. To laugh, to do anything." She testified her ribs were in pain for about eight weeks.

## DISCUSSION

### I. Hearsay

**{6}** Defendant argues that the district court admitted out-of-court statements about Victim's injuries in violation of the rule against hearsay. *See* Rule 11-801(C) NMRA; Rule 11-802 NMRA. "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of clear abuse." *State v. Hnulik*, 2018-NMCA-026, ¶ 6, 458 P.3d 475 (internal quotation marks and citation omitted). "An abuse of discretion occurs when a trial court exercises its discretion based on a misunderstanding of the law[,]" *id.* (internal quotation marks and citation omitted), or "when its ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Harper*, 2011-NMSC-044, ¶ 16, 150 N.M. 745, 266 P.3d 25 (internal quotation marks and citation omitted).

**{7}** "Hearsay" is defined as "a statement that (1) the declarant does not make while testifying at the current trial or hearing, and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Rule 11-801(C). Hearsay is inadmissible unless an exception applies. *See* Rule 11-802. As a preliminary matter, we note that Defendant's initial hearsay objection to Victim's testimony about her broken ribs and finger was made more than five minutes after Victim first testified to those facts, and at that point, "the horse was already out of the barn when [the d]efendant tried to shut the door." *State v. Neswood*, 2002-NMCA-081, ¶ 18, 132 N.M. 505, 51 P.3d 1159 (stating that "[g]enerally, evidentiary objections must be made at the time the evidence is offered"). Nonetheless, assuming without deciding that Defendant's objections were sufficient to preserve his arguments for appeal, we find no basis for reversal on the merits.

**{8}** Although Defendant alleges generally that Victim "testified at length about what she was told about alleged internal injuries by other people, i.e. her medical care providers[,]" Defendant did not identify any alleged hearsay statements with particularity in his briefing. "We will not review unclear arguments, or guess at what a party's arguments might be." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (alteration, internal quotation marks, and citation omitted).

**{9}** Our own review of Victim's testimony reveals that, contrary to Defendant's characterization, Victim did not testify to any statement made by her doctors or medical providers. She testified that her finger and ribs were broken, and that she had a facial fracture; she never testified that anyone else asserted or uttered to her that she had fractured or broken bones. Although she testified that her medical care providers tested her facial injuries and told her about x-rays they had taken, she never testified to any statements made by her providers. Because we are unable to determine what portion of Victim's testimony Defendant seeks to challenge on appeal, and because our review failed to reveal any out-of-court statement that constitutes hearsay, we conclude the

district court did not abuse its discretion by allowing Victim's testimony. *See* Rule 11-801(C).[1]

## II.  Sufficiency of the Evidence

**{10}**   Defendant argues the evidence was insufficient to sustain his conviction for aggravated battery of a household member. "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883. "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt." *Slade*, 2014-NMCA-088, ¶ 13 (internal quotation marks and citation omitted). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the [fact-finder]." *Id.* (internal quotation marks and citation omitted).

**{11}**   Defendant's specific argument is that there was insufficient evidence that Victim suffered "great bodily harm" as required by the jury instructions. The district court instructed the jury to find great bodily harm if Victim's injury caused "prolonged impairment of the use of any member or organ of the body." *See* UJI-14-131 NMRA (defining "great bodily harm"). Defendant argues that because Victim's testimony as to her internal injuries was hearsay, we should either not consider it or else weigh it lightly in our sufficiency analysis. We reject these propositions. *See State v. Gipson*, 2009-NMCA-053, ¶ 4, 146 N.M. 202, 207 P.3d 1179 ("We do not reweigh the evidence or substitute our judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."); *State v. Castillo-Sanchez*, 1999-NMCA-085, ¶ 30, 127 N.M. 540, 984 P.2d 787 ("In assessing the sufficiency of evidence at trial, however, we consider all evidence that was admitted, even if we reverse on the ground that some evidence was inadmissible.").

**{12}**   To the extent Defendant's sufficiency argument depends on a determination that Victim should not have been allowed to testify to her internal injuries, our determination that the testimony was properly admitted also resolves the sufficiency issue Defendant

---

[1]Defendant cites to a case from Georgia for the proposition that "[a] lay witness is not competent to give what amounts to a medical opinion relative to his injuries or the effect thereof." *Jones v. State*, 669 S.E.2d 505, 508 (Ga. Ct. App. 2008). That court ultimately concluded, however, that "[w]e can find no authority, nor does [the defendant] present any, for the proposition that victims of crimes cannot testify as to the injuries they suffered during an assault." *Id.* The same is true here. Defendant's exploration of this issue is limited to the single citation, without analysis or explanation, and so we decline further review on appeal. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.

Likewise, Defendant states in a subject heading that the district court "violated Defendant's right to confrontation," but he did not develop this argument in the body of his brief. *See id.*

raises. Moreover, even without considering any disputed testimony, Defendant's sufficiency argument still fails. In addition to Victim's testimony as to her facial fracture, broken finger, and fractured ribs, Victim testified that her ribs were in pain for eight weeks. Victim testified that due to the injury to her ribs, it hurt to breathe "for a long time. To laugh, to do anything." She also testified that her finger was in a splint for "a long while." Victim testified that her finger "still hurts to this day, but when it's cold" and stated, "I think it's never going to heal." From this testimony—which is separate from and independent of the testimony Defendant challenges as hearsay—a rational jury could have concluded that there was "prolonged impairment of the use of any member or organ of the body" and thus great bodily harm. *See State v. Cordova*, 2016-NMCA-019, ¶¶ 18-19, 366 P.3d 270 (concluding that a victim's testimony that she suffered severe bruising, road rash, and bruised ribs, leaving her in extreme and immobilizing pain for one month with recurring bouts of pain was sufficient to satisfy great bodily injury). We therefore conclude that sufficient evidence supported Defendant's conviction for aggravated battery of a household member.

**CONCLUSION**

**{13}** For the foregoing reasons, we affirm.

**{14}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**SHAMMARA H. HENDERSON, Judge**